**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4799**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES EDWARD MCLEAN, JR.,

Defendant - Appellant.

———————————

**No. 05-4821**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAUL ZIMMERMAN,

Defendant - Appellant.

———————————

**No. 05-4924**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEBBIE ZIMMERMAN,

                                        Defendant - Appellant.

─────────────────

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (CR-02-156)

─────────────────

Submitted: June 30, 2006                    Decided: July 31, 2006

─────────────────

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

─────────────────

Affirmed by unpublished per curiam opinion.

─────────────────

Lawrence W. Hewitt, JAMES, MCELROY & DIEHL, P.A., Charlotte, North Carolina; Trevor M. Fuller, THE FULLER LAW FIRM, P.C., Charlotte, North Carolina; Danielle B. Obiorah, Charlotte, North Carolina, for Appellants. Gretchen C. F. Shappert, United States Attorney, Michael E. Savage, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Edward McLean, Jr., Paul Zimmerman and Debbie Zimmerman appeal their sentences imposed upon resentencing. For the reasons stated below, we affirm.

The Appellants were convicted by a jury for their participation in a scheme to obtain millions of dollars by making and selling fictitious mortgage notes to the Federal National Mortgage Association ("Fannie Mae") and the Government National Mortgage Association ("Ginnie Mae"). The charges set forth in the 66-count indictment fell into eight groups: wire fraud to sell fraudulent mortgages to Fannie Mae; wire fraud through the transmission of false Department of Housing and Urban Development ("HUD") documents to secure Ginnie Mae mortgage securities; submitting false statements in connection with the Ginnie Mae scheme; making false entries on monthly status reports required by HUD; making and passing false mortgage notes to influence HUD; bank fraud against BB&T; money laundering; and conspiracy to commit the above-mentioned substantive offenses.

McLean was convicted of all sixty-six counts. Based on a total offense level of thirty-seven and a criminal history category of II, McLean's sentencing guidelines range was 235 to 293 months' imprisonment. The district court initially sentenced McLean to 252 months' imprisonment.

Paul and Debbie Zimmerman were convicted of conspiracy to defraud the United States and of passing to HUD false mortgage notes dated after February 1, 2000. For both Zimmermans, the statutory maximum for the conspiracy charge was five years, see 18 U.S.C. § 371 (2000), and the statutory maximum for counts forty-seven, fifty-one and fifty-two (the money laundering charges) was two years for each count, see 18 U.S.C. § 1010 (2000), leaving a combined statutory maximum of 132 months' imprisonment. Because 132 months is less than the low end of each of the guidelines ranges (168 months for Paul Zimmerman; 135 months for Debbie Zimmerman), the guidelines sentences were reduced to 132 months' imprisonment pursuant to U.S. Sentencing Guidelines Manual § 5G1.1(a) (1998). The district court imposed the statutory maximum for each count. On appeal, we affirmed Appellants' convictions, but vacated their sentences in light of United States v. Booker, 543 U.S. 220 (2005), and remanded for resentencing. See United States v. McLean, 131 F. App'x 34 (4th Cir. 2005).

On remand, McLean and Paul Zimmerman received the same sentences as previously imposed. The district court sentenced Debbie Zimmerman to 120 months' imprisonment, which amounted to a twelve-month reduction from her previous sentence. On appeal, Appellants argue that their sentences are unreasonable under United States v. Booker, 543 U.S. 220 (2005).

After Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Id. This court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47; see also United States v. Green, 436 F.3d 449, 457 (4th Cir.) (stating a sentence imposed within a properly calculated guideline range is presumptively reasonable), cert. denied, 126 S. Ct. 2309 (2006). When reviewing the district court's application of the sentencing guidelines, this court reviews findings of fact for clear error and questions of law de novo. Green, 436 F.3d at 456. A sentence is unreasonable if based on an error in construing or applying the sentencing guidelines. Id. at 456-57.

Moreover, reasonableness review involves both procedural and substantive components. United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). When conducting reasonableness scrutiny, we note two considerations. First, although a sentence may be procedurally unreasonable if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding, a district court need not

"robotically tick through § 3553(a)'s every subsection." <u>United States v. Johnson</u>, 445 F.3d 339, 345 (4th Cir. 2006). Second, although a sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission, <u>see</u> <u>Moreland</u>, 437 F.3d at 434, "excessive weight" may not be given to any one § 3553 factor. <u>See</u> <u>United States v. Hampton</u>, 441 F.3d 284, 288-89 (4th Cir. 2006). Applying the above principles, we cannot find that the sentences imposed after remand were unreasonable.

We therefore affirm Appellants' sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>